**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| T-MOBILE SOUTH LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-1638-RWS |
| CITY OF MILTON, GEORGIA, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## ORDER

This order comes before the court on Plaintiff's Motion for Partial

Summary Judgment [23] and Defendant's Motion to Exclude Exhibit A-1 [31].

After considering the record, the Court enters the following order.

## Background

Plaintiff operates a personal communications service mobile telephone

communication system. In pursuit of a stronger wireless network, Plaintiff

submitted applications to Defendant City of Milton ("City"), a political

subdivision of the State of Georgia, to construct three monopole

telecommunications towers at three different sites within the City (the Mountain

Road site, the Cogburn site, and the New Providence site, respectively). (Dkt. [23-5] at ¶¶ 1-2, 6, 36, 62). Following a series of meetings and hearings which featured testimony by Plaintiff's experts, concerned citizens, and Defendant's experts, Defendant denied Plaintiff's applications for the Mountain Road and Cogburn sites and conditionally approved Plaintiff's New Providence site.  (Id. at ¶¶ 35, 61, 90). However, the written denial notice sent to Plaintiff did not include written reasoning or evidence to explain why Defendant denied the first two sites or conditionally approved the third. (Id.; Dkt. [6] at ¶¶ 42, 71)  Rather, Defendant contends that the written record and minutes of the meetings are sufficient to explain its decisions. (Dkt. [6]).

In its complaint, Plaintiff alleges that Defendant violated the Telecommunications Act ("TCA"), 47 U.S.C. § 332 *et seq.*, by: issuing a decision not supported by substantial evidence; effectively prohibiting wireless services; unreasonably discriminating among providers of functionally equivalent services; and creating an unlawful barrier to entry.  Plaintiff brings this Motion for Partial Summary Judgment to address its broadest claim against Defendant: whether Defendant violated 47 U.S.C. § 332(c)(7)(B)(iii)  by failing to issue a written decision which was supported by substantial evidence.

2

AO 72A
(Rev.8/82)

**Preliminary Matters**

Defendant has first moved to exclude Plaintiff's Reply Brief Exhibit A-1.

The Court finds that this Exhibit is ultimately irrelevant as the Exhibit–a copy

of the ordinance as it currently appears on the City's website–is not the

ordinance which was in effect at the time of Plaintiff's application.[1] See Dkt.

[30-2] (containing the current ordinance); Recycle & Recover, Inc. v. Georgia

Bd. of Natural Resources, 266 Ga. 253, 466 S.E.2d 197 (Ga. 1996) ("if a

property owner becomes an actual applicant seeking to alter the use of his land,

he has a vested right to consideration of his application under the statutory law

then in existence.").  Plaintiff seeks to use this Exhibit to prove that a wind load

certification is not material at the application stage because the City has since

removed any such obligation prior to approval.[2]  However, the Court's inquiry

is not whether the ordinance's sequencing  was logical, but whether the City

---

[1]The Court notes that the Plaintiff appears to agree that the prior ordinance controls as the parties included that ordinance in their stipulated record. See Dkt. No. [13] at 1 (ordering the "parties [to] file a stipulated record of the proceedings");  Dkt. No. [21] (containing the prior ordinance).

[2]Plaintiff also admits that wind load certifications are important, but differs with Defendant on when the certification should be required. See Pl.'s Reply, Dkt. No. [30] at 8 ("T-Mobile does not seek to be excused from the obligation to submit wind load certifications").

3

had substantial evidence under the at-issue ordinance to issue the denial. Thus, the Court **GRANTS** Defendant's Motion to Exclude [31].

### Discussion

Plaintiff challenges the Defendant's use-permit denial on two fronts. First, Plaintiff argues that Defendant's written communications were not sufficient to satisfy the writing requirement of the TCA. Second, Plaintiff maintains that even assuming the written denial was sufficient, that decision was not adequately supported by substantial evidence.

## I.     Written Requirement

The TCA states that "[a]ny decision by a state or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record." 47 U.S.C.A. § 332(7)(B)(iii).  Plaintiff argues that Defendant's denials were insufficient as they did not contain enumerated reasons for denying Plaintiff's Mountain Road and Cogburn applications. Moreover, Plaintiff asserts that Defendant's conditional approval of the New Providence cell tower site effectively served as a denial and thus also lacked sufficient written explanation regarding why Defendant attached such conditions.

4

The Northern District of Georgia has previously held that "[a] cursory denial of plaintiff's application does not satisfy defendants' duty to provide a written decision under the Telecommunications Act, which has been interpreted to require 'written findings of fact tied to the evidence of record.'" (Dkt. No. [23-2], <u>Powertel/Atlanta, Inc. v. Clayton County</u>,  No. 1:98-cv-0375-JEC, at *11 (N.D. Ga. May 20, 1998)). Further, this Court has also stated that

> "[f]or a decision by a state or local government or instrumentality thereof denying a request to place, construct, or modify personal wireless service facilities to be 'in writing' for the purposes of Telecommunications Act, it must (1) be separate from the written record, (2) describe the reasons for the denial, and (3) contain a sufficient explanation of the reasons for the denial to allow a reviewing court to evaluate the evidence in the record that supports those reasons."

(Dkt. No. [23-2], <u>Powertel/Atlanta, Inc. d/b/a Voicestream Wireless v. Fulton Cnty., Ga. Bd. of Comm'rs</u>, No. 1:02-cv-1199-GET, at *10 (N.D. Ga. June 2, 2003) (citing <u>New Par v. City of Saginaw</u>, 301 F.3d 390 (6th Cir. 2002)).

The Court finds this logic persuasive and reaffirms its position regarding what is necessary to satisfy the written requirement. The purpose of the TCA's written requirement is to allow courts the ability to meaningfully review the decisions of local government. <u>See</u> 47 U.S.C.A. § 332(7)(B)(v).  Because Defendant's written decisions did not include any reasoning, the Court finds

5

that the written decisions are insufficient to fulfill the purposes of 47 U.S.C.A. §

332(7)(B)(iii). Without a sufficient written denial, the Court is unable to

meaningfully review the City of Milton's decision.

Additionally, Plaintiff urges the Court to view Defendant's conditional

approval as a denial. In allowing a challenge to a zoning board's conditional

approval of a cellular tower (allowing the tower on the condition of the cellular

company lowering its height), a district court found that conditional decisions

issued by local governments, "[t]o comply with the TCA, … must issue a

written decision, which is separate from the record of its proceedings and the

decision must be support by substantial evidence contained with a written

record of the pertinent proceedings." U.S.C.O.C. of N.H. d/b/a U.S. Cellular v.

Town of Dunbarton, N.H., 2005 WL 906354 at *3 (D.N.H. April 20, 2005)

(citing Southwestern Bell Mobile Sys., Inc. v. Todd, 244 F.3d 51, 59-60 (1st

Cir. 2001)). This holding is consistent with the TCA which provides that the

regulation of personal wireless service facilities by any local government "shall

not prohibit or have the effect of prohibiting the provision of wireless services."

47 U.S.C.A.. §332(7)(B)(i)(II). To that end, the TCA requires written decisions

predicated upon substantial evidence as a way of preventing such a prohibition.

The Court finds that conditional approvals, for the purposes of the TCA, can be

6

tantamount to denials in their potential effects and thus are subject to the same

statutory requirements as actual denials. Therefore, because Defendant's

conditional approval did not set forth any reasoning, the Court also finds

Defendant's conditional approval failed to satisfy the written requirement.

## II.     Substantial Evidence Requirement of the TCA

Plaintiff additionally asserts that besides the lack of written denial, there

was not substantial evidence for Defendant to deny and/or conditionally approve

the permit applications. (Id.). Both parties appear to agree that the applications

were denied or conditionally approved for two primary reasons: (1) because the

applications lacked a wind load certification as required by Defendant's

ordinance; and/or, (2) for aesthetic reasons raised by both council members and

concerned citizens.[3] However, because there is no written denial which satisfies

the TCA, this Court is unable to readily discern which motivation the City

Council actually relied upon. As such, this Court will not perform a post-hoc

---

[3]The Court does note that the Plaintiff asserts that the wind load certification
rationale is pre-texual.  Therefore, while Plaintiff recognizes the Defendant is now
asserting this as a denial rationale, it does not agree that this reason motivated the City
at the time of decision.  However, if Defendant did rely on the missing wind-load
certifications, it may well have satisfied the substantial evidence standard. See City of
Milton Municiple Code Article XIX, Section 19.3.1 (B)(13).

7

guessing game, but rather will require the City to adequately state in writing the basis of its denial.

## Conclusion

For the reasons discussed above, the Court **GRANTS**, in part, Plaintiff's Motion for Partial Summary Judgment [23]. Defendant has failed to meet the necessary written requirements of 47 U.S.C.A. § 332(7)(B)(iii). Because the Court has not reached the issue of whether there was substantial evidence supporting Defendant's decision, the Court concludes that injunctive relief is not appropriate at this time.  Rather, the Court **REMANDS** this case to the City of Milton to adequately state in writing its grounds for denial and/or conditional approval.  Such a proper written denial by the Defendant is necessary in order for the Court to rule on the issue of whether there was substantial evidence to support Defendant's decisions.  Thereafter, Plaintiff may move to re-open this case if it wishes to challenge Defendant's decisions.  The Clerk is **DIRECTED** to administratively close this case.

   **SO ORDERED**, this __24th__ day of June, 2011.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE


8