**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

T-MOBILE SOUTH LLC,

    Plaintiffs,

v.

CITY OF MILTON, GEORGIA,
    Defendant.

CIVIL ACTION NO.
1:10-CV-1638-RWS

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Reconsideration [35] and Motion to Reopen the Case [34]. On June 24, 2011, this Court entered an order finding that the Defendant had violated the Telecommunications Act ("TCA") by failing to issue a written decision on all three of Plaintiff's monopole telecommunications tower applications. Dkt. No. [33] at 4-7. However, the Court declined to issue a ruling on whether Defendant's decisions were supported by substantial evidence because by not obtaining a written decision, the Court was "unable to readily discern which motivation the City Council actually relied upon." Id. at 7. Instead, the Court

remanded the matter to the City of Milton to "adequately state in writing the basis of its denial." Id. at 8. In a footnote, the Court advanced a concern that, under the City's ordinance scheme, the Plaintiff's failure to attach wind-load certifications may well have violated the City's ordinance and invalidated the applications. See id. at 7 n.3. Following this ruling, the Court administratively closed the action and stated the Plaintiff could move to reopen the matter if it wished to challenge the Defendant's decisions. Id. at 8.

The Plaintiff now moves the Court to reconsider its remand order and asks for an injunction that would require the Defendant to "grant the requested permits, without unreasonable conditions." Def.'s Reply, Dkt. No. [37] at 9. Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256,1258-59 (N.D. Ga. 2003). However, a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether

2

AO 72A
(Rev.8/82)

the court will change its mind." Id. at 1259. Furthermore, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995 ), aff'd , 87 F.3d 1242 (11th Cir. 1996).

Plaintiff argues that the Court's decision to remand was a "clear error of law." Namely, the Defendant argues that remanding is contrary to the TCA's requirement that challenges be heard on an "expedited basis." 47 U.S.C. § 332(c)(7)(B)(v) ("The court shall hear and decide such action on an expedited basis."). And that by allowing the City a second chance, the Court would be promoting an iterative process whereby the provider's application could be bounced back-and-forth from the City to the Court, all the while working as a delay on the application contrary to the statute's expressed mandate. See Bellsouth Mobility Inc. v. Gwinnett Cnty., Ga., 944 F. Supp. 923, 929 (N.D. Ga. 1996) ("In the court's view, simply remanding the matter to the board of commissioners for their determination would frustrate the TCA's intent to provide aggrieved parties full relief on an expedited basis."); AT&T Wireless PCS, Inc. v. City of Chamblee, 10 F. Supp. 2d 1326, 1334 (N.D. Ga. 1997)

3

("The Court finds that a remand would be a waste of time and would frustrate the Telecom Act's direction to expedite these proceedings.") (internal quotations omitted). Moreover, the Defendant argues that the Eleventh Circuit has stated that municipalities cannot "rely on rationalizations constructed after the fact" which they would be tempted to do if given another "bite at the apple." See Preferred Sites, LLC v. Troup Cnty., 296 F.3d 1210, 1220 n.4 (11th Cir. 2002) (stating that a Board could not create reasons to support substantial evidence after the commencement of the action and that the Board must present their denial reasons in a written record.).

Defendant counters that remanding this action is consistent with the TCA because the TCA does not set a specific remedy for its violations but instead confers discretion on the district court to fashion appropriate relief. See 47 U.S.C. § 332(b)(7)(B)(v) (not stating a remedy); Preferred Sites, LLC, 296 F.3d at 1221(The TCA "does not specify the appropriate remedy if a court of competent jurisdiction determines a state or local authority violated the requirements contained therein."). As well, remanding the action for the City to state with particularity why it did what it did is not a post-hoc rationalization because the underlying record is not altered; rather, the City is simply providing

4

clarity as to its rationale. Defendant also argues that when there is a potentially valid basis for the denial, the Court should afford deference to the local government and remand. Pl.'s Opp., Dkt. No. [36] at 4 (citing <u>AT&T Wireless Servs. of Fla. v. Orange Cnty.</u>, 982 F. Supp. 856861 (M.D. Fla. 1997) (finding that because the plaintiff's application clearly did not comply with the defendant's scheme, the court would remand to the county to state the basis for its denial even though the county violated the writing requirement)).

The Court finds that the Plaintiff's argument is superior and will reconsider its prior order. The Court agrees that to allow a remand is to encourage local governments to issue inadequate denials so that they will be able to continue to frustrate expediency by getting a second bite at the apple. Remanding, even in a case such as this where there is some evidence of a legitimate denial-reason, is counter to Congress' clear mandate of expedient review and creates improper incentives. Local governments are charged with following the TCA, and the courts are charged with making sure their process is proper. <u>See</u> <u>Preferred Sites, LLC</u>, 296 F.3d at 1215-16 ("By structuring the TCA in this manner, Congress explicitly preserved local zoning authority over the siting of wireless facilities, while permitting judicial oversight as to the

5

manner in which such decisions are made."). And wireless providers should not have to come to the Court more than once per application. Thus, the Court will **GRANT** Plaintiff's Motion for Reconsideration [35] and Motion to Reopen the Case [34].

Turning to the appropriate remedy, Plaintiff requests this Court to enter an injunction that would require the City to grant the requested permits without unreasonable conditions. As this court has noted before, "Defendant['s] failure to provide plaintiff with a written explanation of its denial is sufficient in and of itself to reverse the Board's decision under the Telecommunications Act." Powertel/Atlanta, Inc. v. Clayton Cnty., No. 1:98-CV-0375-JEC, at *11 (N.D. Ga. May 20, 1998); see Preferred Sites LLC, 296 F.3d at 1215 ("decisions to deny approval for the placement, construction, or modification of personal wireless service facilities must be both in writing and supported by substantial evidence contained in a written record") (emphasis added) (internal quotation omitted). Thus, having found that the Defendant has violated the writing requirement of the TCA, Dkt. No. [33], the Court also finds that this conduct warrants an injunction.

Under the principles of equity, a plaintiff requesting a permanent

6

AO 72A
(Rev.8/82)

injunction must satisfy a four-factor test:

> (1) that [the plaintiff] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay, Inc . v. MercExchange, L.L.C. , 547 U.S. 388, 391(2006). Thus, the standard for a permanent injunction is essentially the same as for a preliminary injunction except that the movant must show actual success on the merits instead of a likelihood of success on the merits. Siegel v. Lepore, 234 F.3d 1163, 1213 (11th Cir. 2000).

As determined above, the Plaintiff has shown actual success on the merits. Moreover, there are no adequate remedies at law and the balance of hardships favor the Plaintiff as the only way to achieve better cell service is to install additional towers. Finally, the public interest will not be disserved as the public will be able to enjoy stronger cell reception, an interest which Congress has determined is valuable. Therefore, the Court will **PERMANENTLY ENJOIN** the Defendant from denying the Plaintiff's applications, subject to the Plaintiff producing proper wind-load certifications for each site.

AO 72A
(Rev.8/82)

**SO ORDERED** this  28th  day of December, 2011.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)